IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                    No. CIV S-10-2730 GEB CKD PS

    vs.

VEOLIA TRANSPORT, INC,        <u>ORDER AND</u>

    Defendant..               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's motion for summary judgment came on regularly for hearing October 19, 2011. Plaintiff appeared in propria persona. Brian Hey appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges defendant discriminated against him on the basis of national origin when he was terminated from his employment as a bus driver. Plaintiff was employed as a driver with Yolo Bus commencing in July, 2006. Plaintiff alleges that in the summer of 2009, the general manager, Carmen Alba, told plaintiff she was going to fire plaintiff because he was Russian and she did not like Russians. Complaint, ¶ 9. Plaintiff further alleges that in January 2010, operations manager Gonzalez told plaintiff "You Russian did not know were [sic] your place." Complaint, ¶ 13. Plaintiff was terminated from employment effective

1 March 17, 2010 based on an incident that occurred while plaintiff was operating a bus on March
2 8, 2010.  A charge of discrimination was filed with the EEOC[1] and plaintiff has received his
3 right-to-sue letter.

4       Plaintiff filed the instant action on October 8, 2010, alleging discrimination in
5 violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"),
6 on the basis of national origin and ancestry.  Plaintiff also alleges state law claims, including
7 violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq.
8 ("FEHA"), violation of constitutional rights under the California Constitution, Article I, Section
9 8, breach of implied contract, breach of the implied covenant of good faith and fair dealing,
10 intentional and negligent infliction of emotional distress, and violation of California public
11 policy.  Defendant filed the pending motion for summary judgment on September 9, 2011.

12       Summary judgment is appropriate when it is demonstrated that there exists "no
13 genuine issue as to any material fact and that the moving party is entitled to a judgment as a
14 matter of law."  Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

19 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the
20 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary
21 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers
22 to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

---

[1] A charge of discrimination filed with the California Department of Fair Employment and Housing ("DFEH") was submitted as Exhibit 10 to the complaint.  The received date stamp is June 14, 2009 but the charge references alleged discrimination on March 8, 2010.  Defendant does not concede the authenticity of this document.  Plaintiff was not able to produce a copy during discovery, DFEH does not have a copy, and plaintiff testified during deposition that the only charge he filed with the EEOC or DFEH is Exhibit 22 to the instant motion.

2

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

Defendant has submitted a separate statement of undisputed facts as required by Local Rule 260. The undisputed facts establish the following: Plaintiff, while driving bus #729 on March 8, 2010, clipped a utility vehicle at approximately 7:03 a.m. and did not report the incident immediately as required under the Collective Bargaining Agreement and the Veolia Transportation World Class Safety Policies and Procedures. Plaintiff reported damage to his bus sometime after 9:00 a.m. An investigation was conducted and a decision was made by Carmen Alba to terminate plaintiff for failing to immediately report the accident and for falsifying the reason for not timely reporting the accident. It is the practice of the Carmen Alba to always terminate employees who do not immediately report accidents. Plaintiff filed a grievance with his union and proceeded through the first two steps of the grievance procedure under the Collective Bargaining Agreement. The Union voted not to proceed to Step 3 arbitration.

\\\\

\\\\

1 　　　　　Although plaintiff filed an opposition, he fails to submit any evidence in support
2 of his claims and does not controvert defendant's undisputed facts.[2]  In support of his contention
3 that he was not treated the same as other employees, plaintiff in deposition identified Armando
4 Trejo as an employee who had an accident but was not terminated from employment.  Plaintiff
5 submits no evidence that this employee failed to immediately report the accident and Carmen
6 Alba avers that she has terminated every employee, regardless of status, who failed to
7 immediately report an accident.  Plaintiff cannot, therefore, establish a requisite element of his
8 prima facie case.  See McDonnell Douglas v. Green, 411 U.S. 792, 802, 804 (1973) (plaintiff
9 bears initial burden of establishing prima facie case of disparate treatment); Aragon v. Republic
10 Silver State Disposal, Inc., 292 F.3d 654, 658 (9th Cir. 2002) (as part of prima facie case,
11 plaintiff must demonstrate that similarly situated employees outside of protected class were
12 treated more favorably); Vasquez v. City of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003)
13 (individuals similarly situated when they have similar jobs and display similar conduct.)

14 　　　　　Moreover, assuming arguendo that plaintiff could establish a prima facie case of
15 national origin discrimination, plaintiff fails to present any evidence that the stated
16 nondiscriminatory reason for his termination was pretextual.  See Douglas v. Anderson, 656 F.2d
17 528, 533 n. 5 (9th Cir. 1981) (to establish pretext, plaintiff must demonstrate stated reason was
18 not real reason for adverse employment action); see also Diaz v. Eagle Produce Ltd. Partnership,
19 521 F.3d 1201, 1214, n. 7 (9th Cir. 2008) (when employer articulates nondiscriminatory reason
20 for discharging plaintiff, it is not within province of court to decide whether reason was wise, fair
21 or correct).  In light of the total dearth of evidence submitted in support of plaintiff's claims, he
22 can neither establish a prima facie case of national origin discrimination nor raise a triable issue

---

[2] The day of the hearing on defendant's motion for summary judgment, plaintiff filed a motion to compel.  Under the scheduling order, discovery was to be completed by September 28, 2011.  Plaintiff's motion is untimely and therefore denied.  Moreover, as discussed below, plaintiff cannot establish an element of his prima facie case, i.e., that other persons similarly situated were treated differently.  The discovery plaintiff seeks to compel would not aid in establishing this element.

that the articulated reason for the termination is pretextual.  Defendant is therefore entitled to summary judgment on the first, second and third causes of action alleging claims for national origin discrimination.  See Rodriguez v. Airborne Express, 265 F.3d 890, 896, n. 4 (9th Cir. 2001) (parallel provisions under state FEHA interpreted same as federal law); see also Means v. City and County of San Francisco Dept. of Public Health, 749 F. Supp. 2d 998, 1008-1009 (N. D. Cal. 2010) (claim under California Constitution Article I, Section 8 fails where plaintiff cannot meet burden under Title VII or FEHA).

Plaintiff's fourth and fifth causes of action are predicated on an alleged breach of contract.  These claims, however, are preempted under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  See Paige v. Henry Kaiser Co., 826 F.2d 857, 861-862 (9th Cir. 1987) (section 301 preempts state causes of action based on collective bargaining agreement or whose outcome is dependent upon interpretation of agreement's terms).  To the extent these claims can be characterized as claims under section 301 against defendant for breach of the collective bargaining agreement, defendant is entitled to summary judgment on such claims because plaintiff makes no claim, and has adduced no evidence, that the union acted in an arbitrary or discriminatory manner in representing plaintiff in the grievance proceedings.  See DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164-165 (1983).

In the sixth and seventh causes of action, plaintiff alleges claims for intentional and negligent infliction of emotional distress.  Neither plaintiff's allegations nor argument in opposition demonstrate the kind of conduct that "exceeds all bounds of that usually tolerated in a civilized community" and the allegations of emotional distress are not "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure."  Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001-1004 (1993).  In addition, to the extent plaintiff is alleging the emotional distress claims as distinct causes of action independent of the claims for national origin discrimination, such claims are barred by the

/////

1  California workers' compensation exclusivity provisions.  See Shoemaker v. Myers, 52 Cal. 3d
2  1, 25 (1990).
3        Plaintiff's final cause of action is for harassment based on national origin.  To the
4  extent plaintiff alleges harassment during his employment in violation of Article I, Section 8 of
5  the California Constitution, defendant is entitled to summary judgment because a claim under
6  this constitutional provision can be premised only on wrongful termination or denial of entry into
7  a profession.  Strother v. Southern California Permanente Medical Group, 79 F.3d 859, 871-873
8  (9th Cir. 1996).  Moreover, as discussed above, plaintiff adduces no evidence that his termination
9  was based on national origin.  To the extent plaintiff by the eighth cause of action is attempting
10 to allege a claim for harassment under the California FEHA, plaintiff failed to exhaust his
11 administrative remedies, having only alleged wrongful termination in his charge of
12 discrimination, and such claim is therefore barred.  Cal. Gov't Code §§ 12960, 12965(b); see
13 Defendant's Exh. 22; Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th 1607, 1613
14 (1995) (employee must exhaust administrative remedy provided by FEHA by filing
15 administrative complaint and obtaining right to sue before bringing suit); see also Rodriguez, 265
16 F.3d at 897 (scope of written administrative charge defines permissible scope of subsequent civil
17 action).
18       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (dkt.
19 no. 53) is denied as untimely; and
20       IT IS HEREBY RECOMMENDED that:
21       1. Defendant's motion for summary judgment (dkt. no. 37) be granted; and
22       2. This action be closed.
23       These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
25 fourteen days after being served with these findings and recommendations, any party may file
26 written objections with the court and serve a copy on all parties.  Such a document should be

1  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
2  objections shall be served and filed within seven days after service of the objections.  The parties
3  are advised that failure to file objections within the specified time may waive the right to appeal
4  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
portnoy-veolia.57