IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

SERGEI PORTNOY,  )
                                  )   2:10-cv-02730-GEB-CKD
        Plaintiff,         )
                                  )
    v.                        )   <u>ORDER GRANTING IN PART MOTION</u>
                                  )   <u>FOR ATTORNEY'S FEES</u>
VEOLIA TRANSPORTATION SERVICES,  )
INC.,  )
                                  )
        Defendant.  )
_____ )

Defendant moves under Title VII and the California Fair Employment and Housing Act ("FEHA") for an award of attorney's fees based on its prevailing party status since it prevailed on its summary judgment motion. Plaintiff opposes Defendant's attorney's fees motion.

## I. BACKGROUND

Plaintiff filed this lawsuit pro se and in forma pauperis status, challenging Defendant's termination of his bus driver position. Plaintiff argues Defendant terminated him because of his Russian national origin. However, Defendant established in its summary judgment motion that it terminated Plaintiff because he failed to immediately report an accident. Plaintiff opposed Defendant's summary judgment motion but "fail[ed] to submit any evidence in support of his claims" and did not "controvert [D]efendant's undisputed facts." (Findings & Rec. 5:1-2, ECF No. 54.) The Magistrate Judge's Findings and

1  Recommendations recommending granting Defendant's summary judgment
2  motion was adopted.

## II. LEGAL STANDARD

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Equal Empl't Opportunity Comm'n v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir. 1993) (citing Christianburg Garment Co. v. Equal Empl't Opportunity Comm'n, 434 U.S. 412, 421–22 (1978)). Since the applicable Title VII and FEHA attorney fee sections have "virtually identical statutory language," "California courts follow federal precedent in applying the attorneys' fees standard under FEHA." Keyes v. Coley, No. CIV S-09-1297 KJM EFB, 2011 WL 2181416, at *2 (E.D. Cal. June 3, 2011) (citation omitted) (citing Cal. Gov't Code § 12965; Cummings v. Benco Bldg. Servs., 11 Cal. App. 4th 1383, 1389–90 (1992)). Therefore, "the same analysis applies to [D]efendant's motion with respect to [P]laintiff's Title VII and FEHA claims." Id.

"Only in exceptional cases did Congress intend that defendants be awarded attorney's fees under Title VII." Mitchell v. Office of L.A. Cnty. Superintendent of Schs., 805 F.2d 844, 848 (9th Cir. 1986). Further, an award of such fees in pro se cases requires applying the fee standard "with attention to the plaintiff's ability to recognize the merits of his or her claims." Miller v. L.A. Cnty. Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987). "Factors to determine whether a claim is frivolous include: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial

on the merits.'" Lial v. Cnty. of Stanislaus, No. CV F 09-1039 LJO JLT, 2011 WL 92012, at *3 (E.D. Cal. Jan. 11, 2011) (quoting Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985)).

### III. DISCUSSION

**A. Whether Plaintiff's Action Was Frivolous**

The following factors demonstrate that Plaintiff's action was frivolous: (1) Plaintiff did not establish his prima facie case, (Findings & Rec. 5:1–8); (2) Defendant offered to settle, (see ECF No. 49); and (3) summary judgment was granted in Defendant's favor. However, in light of Plaintiff's pro se status, his case did not become what could be deemed obviously frivolous until after Defendant filed its summary judgment motion, since Plaintiff "fail[ed] to submit any evidence in support of his claims [or to] controvert [D]efendant's undisputed facts." (Findings & Rec. 5:1–2.) Therefore, Plaintiff's action became frivolous on September 19, 2011, the date on which Plaintiff filed his opposition to Defendant's summary judgment motion. (ECF No. 50.)

**B. Attorney's Fees Calculation**

To determine whether a request for attorney's fees is reasonable, courts in this circuit use the lodestar method and "'multiply[] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "Generally, the relevant

community is the form in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

"Th[e] lodestar figure [may] be adjusted pursuant to the Kerr[ v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975),] factors, although a strong presumption exists that the lodestar represents a reasonable fee." Miller v. L.A. Cnty. Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987) (citing Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262–63 (9th Cir. 1987)).[1] Further, courts should only consider those "Kerr factors that are not already subsumed in the initial lodestar calculation." Morales v. City of San Rafael, 96 F.3d 359, 364 (9th Cir. 1996). "Among the subsumed factors . . . are: '(1) the novelty and [difficulty] of the issues, (2) the special skill and experience of counsel, . . . [(3)] the results obtained,' and [(4)] the contingent nature of the fee agreement." Id. at 365 n.9 (quoting Cabrales v. Cnty. of L.A., 864 F.2d 1454, 1464 (9th Cir. 1988) (citing City of Burlington v. Dague, 505 U.S. 557, 565–67 (1992)).

//

---

[1] The Kerr factors, which Local Rule 293(c) also lists, include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Local Rule 293(c) includes one additional factor: "such other matters as the Court may deem appropriate under the circumstances." E.D. Cal. L.R. 293(c)(13).

**1. Reasonable Hourly Rate**

Defendant seeks to recover fees for "Brian C. Hey and James N. Foster, Jr. [who] handled the entirety of the case, and over the course of the lawsuit, billed at rate[s] of $225.00 per hour for associates (Brian C. Hey) and $285.00 for partners (James N. Foster, Jr.)." (Def.'s Mem. Pts. & Auth. ("Def.'s Mot.") 9:2-4, ECF No. 66.) Defendant argues that "$225 per hour for a nine year associate and $285 per hour after 32 years of practice [are] reasonable billing rate[s]." (Id. 9:5-6 (citing Lial v. Cnty. of Stanislaus, No. CV F 09-1039 LJO JLT, 2011 WL 92012, at *8 (E.D. Cal. Jan. 11, 2011); Belliveau v. Thompson Fin., Inc., 2007 WL 1660999, at *3 (E.D. Cal. June 6, 2007).) This does not satisfy Defendant's "burden of demonstrating that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho, 523 F.3d at 980.

Therefore, the rates awarded in Belliveau, which was litigated in the relevant legal community of Sacramento, California, are used. Those rates are $250 per hour for partners and $150 per hour for associates. Belliveau, 2007 WL 1660999, at *4.

**2. Hours Reasonably Expended**

Defendant avers that it "spent 38.40 hours defending against national origin discrimination claims or claims intertwined with [Plaintiff]'s national origin claims from September 12, 2011 to November 16, 2011, including preparing the motion for attorneys' fees, amounting to total fees of $8,808.00." (Decl. of Brian Hey ("Hey Decl.") ¶ 16, ECF No. 67.) Defendant attaches "a true and accurate copy of a spreadsheet . . . containing a breakdown of the dates, time spent, rates, and fees for services provided . . . in defending Counts I and II or allegations

intertwined with Counts I and II contained in [Plaintiff]'s Complaint. (Id. ¶ 15.) "This spreadsheet was prepared from contemporaneous recorded time records and reflects the amounts . . . billed to [Defendant] for this matter from September 12, 2011 through November 16, 2011." (Id.)

Defendant requests that the following amounts be awarded: 35.6 hours for work done by Hey, and 2.8 hours for work done by Foster, Jr. For the stated reasons, Defendant is not awarded hours billed for the court-mandated settlement conference since Plaintiff's claims were not frivolous until after he filed his opposition to Defendant's summary judgment motion. Therefore, Defendant is awarded 31.6 hours for work done by Hey, and 2.8 hours for work done by Foster, Jr.

**3. Whether the Lodestar Amount Should Be Adjusted**

Defendant provides "information pertaining to each of the criteria set forth in [Local Rule 293](c)," as required by Local Rule 293(b). E.D. Cal. L.R. 293(b). These "factors that are not already subsumed in the initial lodestar calculation," Morales, 96 F.3d at 364, are addressed below: Defendant's attorney "was not precluded from accepting other employment due to this matter," (Hey Decl. 5:1-2); the "rates charged by [Defendant's attorney] to [Defendant] are reasonable and consistent with rates charged by defense counsel for similar matters within the geographical area," (id. 5:3-5); "[t]here were no time limitations imposed by the client or circumstances," (id. 5:8-9); "[Defendant's attorney] has represented [Defendant] and its predecessors since 1982," (id. 5:24-25); the award in Lial was "$30,000 in attorneys' fees for services through summary judgment in a case involving discrimination." (Id. 5:27-6:1.) Hey avers that "[t]he 'undesirability' of the action . . . is inapplicable to determine fee awards to prevailing defendants." (Id. 5:20-21 (citing Miller, 827 F.2d at 620-21).) Hey also

avers that Plaintiff's "long history of filing lawsuits that are dismissed prior to trial" should be considered. (Id. 6:3.) The information pertaining to these factors does not overcome the "strong presumption . . . that the lodestar represents a reasonable fee." Miller, 827 F.2d at 621. Therefore, the lodestar amount is not adjusted.

## IV. SUMMARY

For the stated reasons, **Defendant** is awarded $5,440 in attorney's fees based on the following calculation using the appropriate reasonable hourly rates and hours reasonably expended:

| | | |
|---|---|---|
| Brian C. Hey | 31.6 hours @ $150/hr | = $4,740 |
| John N. Foster, Jr. | 2.8 hours @ $250/hr | = $700 |
| | **TOTAL FEES** | **$5,440** |

Dated: September 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge